UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Jose Edward Deanda,

    Plaintiff,

vs.

Detective Peter K. Falk, in his
Individual capacity as a police officer for
The City of Kenosha,

    Defendant.

**AMENDED COMPLAINT**

06-C-0656

**JURY TRIAL DEMANDED**

---

Comes now the above-captioned plaintiff, by his duly authorized attorney, Walter W. Stern, and respectfully shows and proves to the Honorable Court as follows:

1. The jurisdiction of this Court is invoked pursuant to Title 42 U.S.C. Section 1983, this being a suit in law or equity, authorized by law to be brought to address the deprivation, under color of state law, statutes, regulations, and customs of the law of the State of Wisconsin, of the rights, privileges, and immunities secured by federal law and the Constitution of the United States, to wit: Title 42 U.S.C. Section 1983; the 4th and 14th Amendments to the United States Constitution, as well as the Due Process Clause of the 14th Amendment to the United States Constitution, and the Equal Protection Clause found in the 14th Amendment to the United States Constitution.

### PARTIES

2. That the plaintiff, Jose Edward Deanda, is at all times pertinent, a resident of the State of Wisconsin, Eastern District of Wisconsin, and is a proper party named herein.

3. That the defendant, Peter K. Falk, is currently a detective, and was formerly a police officer for the City of Kenosha, and is a resident of the State of Wisconsin in the Eastern

1

District of Wisconsin and acted in his individual capacity as a police officer, acting under color of state law, policies and customs to enforce the criminal laws of the State of Wisconsin as it would apply to the City of Kenosha.

4. That the defendant, Peter Falk, acting under color of state law, arrested the plaintiff for possession of cocaine, alleging, among other things, that he spit out a plastic baggie, allegedly containing cocaine as a repeat offender, contrary to §961.41(3g)(c), §939.62(1)(a) and §961.48(1) of the Wisconsin Statutes, asking for incarceration of eight years, the alleged act occurring on November 15, 1999.

5. That, among other things, the defendant did the following to perjure himself, obstruct justice, and falsely accuse defendant of said charge, as follows:

    a. He initially filed a police report indicating that it was the plaintiff who spit out a plastic baggie, allegedly containing cocaine, over a fence in the City of Kenosha;

    b. That said defendant testified at a preliminary hearing subsequent to November 15, 1999, under oath, that the plaintiff did spit out that substance in a plastic bag, on November 15, 1999;

    c. That the defendant testified at a probation revocation hearing, under oath, that the plaintiff spit out a plastic bag containing cocaine over a fence on November 15, 1999.

6. That, as a result of the defendant's misrepresentations, obstructing justice, and perjury, the plaintiff had his probation revoked; was unable to make bond; and was in custody for at least 11 months.

7. That subsequent to the preliminary hearing in the above case, Attorney Jerold Breitenbach, did subject the baggie alleged in paragraph 4, to DNA testing by Alan L. Friedman, Ph.D., President and Laboratory Director of Helix Biotech, Inc., who found as follows:

    a. That the baggie that the plaintiff allegedly spit over a fence could be tested with respect to DNA:

    b. That the correct legal-scientific method was used to test the spittle on said bag;

    c. That plaintiff was excluded as the source of the DNA recovered from the baggie. That said report from Helix Biotech, Inc., is marked as Exhibit A and incorporated into this complaint by reference hereto.

8. That subsequent to the DNA testing, the State of Wisconsin, through the Kenosha County District Attorney's Office, subjected this same baggie to DNA testing, and the Wisconsin Crime Lab came to the same conclusion as the private test, i.e. the baggie, alleged to have been spit by the plaintiff, did not contain the plaintiff's DNA.

9. That on July 20, 2000, the Assistant District Attorney, for Kenosha County, Corey Chirafisi, moved the Court to dismiss the criminal the charge, alleged above, based on the following facts: "the defendant being held in error-DNA done, Court orders defendant to be released forthwith." The State's motion to dismiss case was granted by the Honorable Wilbur W. Warren, III, Kenosha County Circuit Court, Branch 5, on July 20, 2000. That the minutes from said proceedings are marked Exhibit B and attached and incorporated into this complaint by reference hereto.

10. That the plaintiff was unduly singled out by the defendant for unjustifiable restraint of his liberty, based upon perjury and thus obstructed justice, denying the plaintiff Equal

Protection of the law, contrary to the 14th Amendment to the United States Constitution, and subjected the plaintiff to intimidation and falsehoods based upon the fact that said defendant, who was involved in Street Crimes, had stereotyped the plaintiff as a "druggie" and based upon the fact that said plaintiff is Hispanic.

11. That the defendant further violated the plaintiff's rights pursuant to the Due Process Clause of the 14th Amendment to the United States Constitution, in that he subjected the plaintiff's liberty to be restrained for a period of 11 months, from the date of his arrest until after he was released 11 months later, denying the plaintiff fundamental fairness and in conscious disregard of the plaintiff's liberty interests.

12. That this case is not based upon malicious prosecution, but it is based upon perjury, misrepresentations and obstruction of justice which led to the plaintiff's incarceration and probation revocation. That the restraint of liberty, based upon falsehoods, resulted in the restraint in the plaintiff's liberty for 11 months.

13. That such conduct, on the part of the defendant, was intentionally done for the purpose of harassing, intimidating and imprisoning said plaintiff because he was perceived as a street person involved in the trafficking of controlled substances, not based upon evidence.

14. That the intentional conduct of the defendant, under color of state law, justifies compensatory damages for mental anguish, anxiety, depression, and loss of liberty because the plaintiff was wrongfully and unjustifiably incarcerated, in the amount of $500,000.00.

15. That based upon the defendant's prior conduct, being involved in the Street Crimes Unit, and being less than candid and honest with respect to other citizens, as well as the plaintiff, the plaintiff is entitled to exemplary or punitive damages for his malicious and/or willful violation of the plaintiff's constitutional rights, justifying an award of $1.5 Million.

4

Case 2:06-cv-00656-RTR   Filed 06/19/06   Page 4 of 8   Document 4

WHEREFORE, the plaintiff demands judgment with respect to the Complaint as follows:

1. The plaintiff demands a judgment in the amount of $500,000.00 compensatory damages;

2. The plaintiff demands judgment in the amount of $1,500,000.00 in punitive damages;

3. Reasonable costs;

4. Attorney fees pursuant to Title 42 U.S.C. Sec. 1988;

5. Any other and further relief the court deems just and equitable.

Dated this 17 day of June, 2005.

LAW OFFICE OF WALTER W. STERN

Walter W. Stern
Attorney for the Plaintiff
State Bar No. 01014060

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

This document was drafted by:
Walter W. Stern
1110 Main Street
P.O. Box 64
Union Grove, WI 53182-0064
262-878-5060
Bar No. 01014060



MOLECULAR DIAGNOSTICS

2821 N. Fourth St.

Suite 226

Milwaukee, WI 53212

414.263.2074 voice

414.227.4152 fax

e-mail:

helix@execpc.com

**LABORATORY REPORT**

Paternity &

Forensic Testing

Consulting

| Jerold W. Breitenbach<br>Attorney at Law<br>2627 75th St.<br>Kenosha, WI 53143<br><br>Case Name: Jose Deanda | Report Date<br>Helix Case No.:<br>Agency Submitting<br>Evidence:<br><br>Agency Case No.: | June 12, 2000<br>F00-JWB0131<br><br>Kenosha Co. Sheriff Dept.<br>99-CF-1223<br>SPD 00P-30-F0C00127 |

### Evidence Submitted

| Helix Item Number | Agency Item Number | Description |
|---|---|---|
| K1 | none | Wisconsin State Crime Laboratory Swab Kit collected by Mary C. Wade, RN (tele:605-5158) |
| Q1 | 95774 prop. log number | "Plastic Baggie" delivered under evidence seal by Det. Guy Tappa, Kenosha Police Dept. |

### Visual and Serological Examination

One (1) item described as a "baggie" in a brown paper bag under evidence seal. Within the paper bag was a small, unlabeled zip-lock bag. The zip-lock bag contained a conical piece of plastic film, approximately 7 cm in length and 5 cm across the base. A white powder residue was evident toward the pointed end of the "baggie".

The bag was swabbed (two swabs) with laboratory-purified water. The swabs were labeled Helix item Q1.

A single Q1 swab was tested for the presence of $\alpha$-amylase activity using the Phadebas dye release method. The Q1 swab produced an intense positive reaction. A positive reaction is consistent with the presence of saliva.

### DNA Extraction

A portion of the remaining swab (item Q1) was removed with a sterile scalpel. DNA was extracted from the swab using the QIAamp DNA extraction method.

A portion of an oral swab (item K1) was removed with a sterile scalpel. DNA was extracted from the swab using the QIAamp DNA extraction method.

The DNA from these samples was quantified using the Perkin-Elmer Quantiblot system with the monomorphic D17Z1 probe. A total of 500 ng DNA was extracted from the K1 swab. A total of 100 ng DNA was extracted from the Q1 swab.

page 1 of 2

ALF.

## DNA Profiling

Items K1 and Q1 were subjected to DNA[1]-PCR[2] profiling at the following STR[3] genetic systems: D16S539, D7S820 and D13S317.

### Results

| SAMPLE | D16S539 | D7S820 | D13S317 |
|---|---|---|---|
| K562 DNA | 11, 12 | 9, 11 | 8, 8 |
| K1- Jose Deanda reference swab DNA | 12, 12 | 10, 10 | 10, 12 |
| Q1- "Baggie" swab evidence DNA | 11, 11 | 8, 8 | 12, 12 |

### Conclusions

Jose Deanda is excluded as the source of DNA recovered from the "Baggie" (item Q1) at the following loci: D16S539, D7S820 and D13S317.

### Disposition of Evidence

Helix Biotech does not provide archival storage of evidence. Liquid blood samples will be transferred to FTA cards and any remaining evidence will be returned to the agency submitting the evidence.

Report Submitted by:

*Alan Friedman*         June 13, 2000
Alan L. Friedman, Ph.D.      Date:
President & Laboratory Director
Helix Biotech, Inc.

---

[1] Deoxyribonucleic Acid
[2] Polymerase Chain Reaction
[3] Short Tandem Repeat

# STATE OF WISCONSIN — CIRCUIT COURT — KENOSHA COUNTY

State vs Jose E. Deanda

**MINUTES CRIMINAL**

Case No. 99CF001223

Clerk: Carol Mosey
Date: 07-20-2000
Time: 03:30 pm
Reporter: Kenneth J. Chovan
Court Official: Wilbur W. Warren III, Judge

FILED JUL 20 2000 — GAIL GENTZ, Clerk of Circuit Court

Activity: Hearing

Appearances:
- [ ] State of Wisconsin - Plaintiff
- [ ] Jose E. Deanda - Defendant
  - [ ] No Appearance  [ ] Waived
- [x] Corey Chirafisi / Robert J. Jambois - Prosecuting Attorney
- [x] Jerold W. Breitenbach - Defense Attorney
  - [ ] Requested  [ ] Waived

| Ct No. | Description | Statute No. | Sev | Plea | Amended From | Adjudication |
|---|---|---|---|---|---|---|
| | Possession of Cocaine/Coca(2nd+) [939.62(1)(a) - Habitual Criminality (Prison <= 1 Yr)] [961.48(1) - Second/Subsequent Drug Offense] | 961.41(3g)(c) | FU | | | |

Warrant: [ ] Issued  [ ] Cancelled
Bail/Bond: [ ] Set $____  [ ] Cash  [ ] Signature  [ ] Surety  [ ] Property
Amount on deposit $____
Additional conditions: ____
[ ] Discharged  [ ] Modified ____

Initial Appearance: [ ] Advised of rights  [ ] Given complaint  [ ] I.D. ordered
Preliminary Hearing: [ ] Waived  [ ] Time limits waived  [ ] Requested  [ ] Probable Cause found  [ ] Dismissed
Competency Examination Ordered: ____
BI Examination Ordered: [ ] Outpatient  [ ] Inpatient
Trial: [ ] Jury  [ ] Waived  [ ] Requested ____ person
[x] Court — Per Attorney Defendant being held in error - DNA done. Court orders Defendant to be released forthwith. State's Motion to dismiss case granted by Judge.

Next Activity: ____  Date: ____  Time: ____

Findings/Adjudications:
- [ ] Advised & Waived rights  [ ] Plea Questionnaire Filed
- [ ] Deferred Prosecution ____
- [ ] Convicted ____  [ ] Dismissed ____
- [ ] PSI Ordered  [ ] Bail Revoked  [ ] Bail Imposed

Sentence: Count No. ____
- [ ] Imposed  [ ] Stayed  [ ] Withheld
- [ ] Prison: ____
- [ ] Total length of bifur. sent. ____
- [ ] Confinement Period ____
- [ ] Extended Sup. ____
- [ ] Credit for time served ____ days

[ ] County jail: ____
Beginning ____ am/pm
[ ] With Huber  [ ] Transfer authorized
[ ] Credit for time served ____ days

[ ] Fines/costs/assess. $____
Attorney Fees $____
Victim/witness sur $____
Domestic abuse sur $____
Driver imp. sur. $____
____ $____
Total $____
To be paid in ____ days or ____ days in jail.
[ ] Restitution & sur. $____  [ ] To be determined
To be paid by ____
[ ] Driver's License Suspended/Revoked
[ ] Probation ____ with conditions:
Conditions: [ ] Probation  [ ] Extended Supervision
[ ] County jail: ____  [ ] Work release
Beginning ____ am/pm
[ ] Community service ____
[ ] Employment/GED  [ ] AODA treatment, couns/

CR-201(a), 01/00 MINUTES-CRIMINAL